**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Midwest Urologic Stone Unit Limited Partnership,

Plaintiff,

vs.

Alan H. Domina; Richard A. Crusinberry; Don L. Henslee; Peter E. Howe; Sushil S. Lacy; Andrew J. Lepinski,

Defendants.

Case No. 01-212 JRT/FLN

**STIPULATION AND PROTECTIVE ORDER**

---

## STIPULATION FOR PROTECTIVE ORDER

The parties, by and through their respective counsel, hereby stipulate and agree that the following procedures shall govern all proceedings in this matter:

1. Definitions.

a. The term "Designating Party" means the party producing or designating documents or deposition testimony as "Confidential" under this Protective Order.

b. The term "Receiving Party" means the party receiving documents or deposition testimony designated as "Confidential" under this Protective Order.

c. The term "Non-Discloseable Material," as used in this Protective Order, shall mean all documents, testimony and other information, in whatever form, including without limitation electronic, electro-magnetic or machine-readable form, that constitutes, contains, or discloses trade secrets or other confidential research, development, or commercial information properly within the scope of Federal Rule of Civil Procedure 26(c)(7), and designated in good faith by any Designating Party to be

FILED FEB 26 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

confidential, whether "originals" or "copies," and all copies thereof.

2. Limited Use. Non-Discloseable Material designated Confidential pursuant to this Protective Order shall be used only for purposes related to this action, and shall not be used for any business or commercial purpose.

3. Disclosure Scope/Confidential Material. Non-Discloseable Material designated Confidential may be disclosed only to:

a. The partners, associate attorneys, and staff for the firms of Faegre & Benson LLP; Dorsey & Whitney LLP; Law Offices of Larry V. Albers; or future designated attorneys who represent any of the parties in this action;

b. The plaintiff and defendants, and those officers and employees of the parties to this action who need access to the information to assist the Attorneys in representation of the parties;

c. Independent experts, consultants, or persons or firms employed to provide litigation support services retained on behalf of or by any party for purposes of this litigation, including their secretarial, ~~or~~ clerical personnel, and other staff (hereinafter the "Independent Experts"), provided that such independent experts or consultants first read this Protective Order and agree to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A;

d. The Court, Magistrate Judge, Special Masters, or other persons appointed by the Court, and stenographic and other deposition reporters;

e. Deposition witnesses, provided that such deposition witnesses, other than officers and employees of the parties to this action, first read this Protective Order and agree to

abide by its terms by signing an undertaking in the form attached hereto as Exhibit A; and

f. Commercial copying services employed by the parties to make copies of documents and deposition testimony for use in connection with this case.

4. Notice/Marking. To invoke protection under this Protective Order, the Designating Party shall provide appropriate notice that the Non-Discloseable Material is designated Confidential.

Non-Discloseable Material designated Confidential shall be conspicuously marked as follows:

"CONFIDENTIAL"

It shall be the duty of the Designating Party to provide such notice to the Receiving Party concerning the Non-Discloseable Material to be considered as Confidential. No document or deposition testimony shall be deemed protected under this Protective Order unless it has been properly marked. It shall be the duty of the Receiving Party to comply with this Protective Order from the time of such notice.

5. Depositions. All testimony taken by way of depositions in this case, whether by subpoena or notice of taking depositions, will be subject to the terms of this Protective Order. Testimony given at any deposition may be designated as Confidential by indicating on the record that the testimony is Confidential and subject to the provisions of this Protective Order. Additionally, specific information in a deposition transcript may be identified by written description, specifying the page and line number that are to be designated as Confidential according to Paragraph 4. The cover and each page of a deposition transcript containing Confidential testimony shall be marked as required by Paragraph 4 above. Counsel for any party receiving a copy of a deposition transcript shall be

responsible for making the copy as required by this Order.

6. Patient Information. All patient medical information shall be treated as Confidential. Production of Non-Discloseable Material containing patient medical information will be conducted in a manner so as to preserve the confidentiality of such information to the extent required by State and Federal laws, including if necessary redaction of personal identifying information. All parties reserve their rights to apply to the Court for an Order that any particular Non-Discloseable Material must be produced without redaction. All parties reserve their rights to present the issues of who should bear the cost of any redactions made in connection with any ~~document~~ production of Non-Discloseable Material hereunder to the Court.

7. Disputed As To Confidential Status. The burden of establishing the confidential nature of any Non-Discloseable Material always remains with the Designating Party. At any time after the production of Non-Discloseable Material designated as Confidential, any Receiving Party may serve a written notice of objection to such designation stating the reasons for such objection. If the dispute is not resolved through the meet and confer process within seven (7) business days of notification of the Receiving Party's disagreement with the confidential designation, the Designating Party shall have seven (7) business days to move the court for protection pursuant to the Federal Rule of Civil Procedure 26(c)(7). The burden of establishing the need for confidential protection rests with the Designating Party. The parties shall agree to submit the matter for resolution on an expedited basis, reducing the notice and briefing schedule to ten (10) business days. Pending resolution of a dispute over whether material or information should be considered Confidential, all parties and all other persons bound by the Protective Order shall continue to treat the material as Confidential until the issue is resolved by the Court.

8. No Presumption of Confidentiality for Issues on the Merits. The designation of any document, information or other materials as Non-Discloseable Material herein is for the purpose of this Protective Order only; it does not create a presumption at any hearing on the merits that the Non-Discloseable Material is confidential under any state or federal law, including the common law and it shall not be used for the purpose of interpretation of other legal or substantive issues raised in this litigation apart from the application of this Protective Order. The burden of establishing the confidential nature of any Non-Discloseable Material under any state or federal law at a hearing on the merits remains with the party bearing the burden of proof on the underlying substantive issue.

9. Amendment/Modification. This Protective Order may be amended with respect to specific Non-Discloseable Material without leave of Court by the agreement of counsel for the parties. This Protective Order shall remain in force and effect indefinitely until modified, superseded, or terminated by agreement of the parties hereto or by further Order of the Court.

10. Inadvertent Disclosure. If a Designating Party inadvertently produces any materials in discovery containing Non-Discloseable Material without having previously marked them "Confidential," or inadvertently produces any documents to which a claim of privilege attaches, such inadvertent disclosure shall not be deemed to be a waiver of the right to designate Non-Discloseable Material as "Confidential," or a waiver of any privilege. The party may subsequently designate Non-Discloseable Material as "Confidential" by written notice whereupon the Receiving Parties will from that date forward treat the materials as Confidential under the terms of this Protective Order. Upon receiving notice that documents as to which a claim of privilege attaches, counsel for the Receiving Party shall promptly return the documents in question, without waiving the right subsequently to challenge the claim

of privilege on grounds other than inadvertent production, or shall proceed under the procedures set forth in paragraph 7 of this Protective Order.

11. Exceptions for Consent and Court Order. Nothing contained herein shall prevent disclosure beyond the terms of this Order if the Designating Party consents in writing or on the record to such disclosure or if the Court, after notice to all affected parties, authorizes such disclosure.

12. Exceptions for Subpoena and Other Legal Process. Notwithstanding any provision in this Order, the parties hereto are permitted to disclose Non-Discloseable Material as may be required pursuant to subpoena or other legal process served upon the parties hereto, or as required by law, provided that a Receiving Party notifies the Designating Party of such subpoena or other legal process within a reasonable time to afford the Designating Party an opportunity to defend against disclosure pursuant to such subpoena or legal process.

13. Filing with Court. Written materials containing documents or deposition testimony, or other information designated Confidential, or copies, abstracts, excerpts, analysis or other writings that contain, reflect, or disclose the substance of such documents or deposition testimony, when filed with or submitted to the Clerk of Court, Magistrate Judge, Special Master, or other person appointed by the Court, shall be filed in sealed envelopes, or by other appropriate means the Court may direct, on which shall be endorsed (1) the title of this action, (2) the phrase "CONFIDENTIAL - - SUBJECT TO PROTECTIVE ORDER," and (3) a statement substantially in the following form or containing language of similar import:

This envelope contains confidential information which is to be kept under seal

except by written agreement of the parties or order of the Court.

Such endorsement shall not prevent a second copy of any pleadings or papers specifically intended for review by the Court, Magistrate Judge, or Special Master from being hand delivered to ensure that the same is brought promptly to his/her attention, provided that each page that bears information contained or derived from Confidential documents and deposition testimony shall be marked as directed in Paragraph 4. The provisions of paragraph 8 of this Protective Order shall apply to all materials so filed with the Court.

14. Trial Exhibits. If a Receiving Party intends to introduce into evidence at a trail any Non-Discloseable Material, the Receiving Party shall so inform the Court and Designating Party, and the Court will take steps it may deem reasonably necessary to preserve the confidentiality of such information. The provisions of paragraph 8 of this Protective Order shall apply to all such Non-Discloseable Material used at trial.

15. Final Determination. Upon final determination of this action (including all appeals), each party shall, within thirty (30) days of such determination, either return to the Designating Party or destroy (and promptly certify to the other party that this destruction has occurred) all Non-Discloseable Material marked Confidential in its possession, except such material as may be contained in the pretrial and trial records and attorneys' work product, including legal memoranda and opinion letters, which may be retained in conformity with this Protective Order. Further, at the request of any party, and again upon final determination of this action (including all appeals), the Clerk of the Court shall return any item filed under seal to the filing party.

16. Notwithstanding any provision herein to the contrary, if any party to this

Protective Order should conclude in good faith that for the purpose of this litigation, it needs to disclose any of the information contained in any Non-Discloseable Material, or any information derived from such material to any person not described in paragraph 3 of this Protective Order, it may request permission from counsel for the Designating Party to do so for specified reasons. If counsel cannot agree as to the disposition of such a request, application to the Court for a ruling on such request may be made. The parties shall agree to submit the matter for resolution on an expedited basis, reducing the notice and briefing schedule to ten (10) days.

17. Any party to this Protective Order may apply to the Court at any time for modification of this Protective Order, for supplemental orders or for further protection. The parties shall agree to submit the matter for resolution on an expedited basis, reducing the notice and briefing schedule to ten (10) days.

18. Nothing in this Protective Order shall be construed as a waiver of the right of any party to object to the production of documents on the grounds of privilege or on other grounds not related to the confidentiality of the documents.

19. Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any proposed evidentiary materials.

20. Entering into, agreeing to, and/or producing or receiving Non-Discloseable Material, or otherwise complying with the terms of the Protective Order shall not:

(a) operate as an admission by any party that any particular Non-Discloseable Material contains or reflects any type of confidential information;

(b) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection of or any particular information deemed by any party to be Non-Discloseable Material;

(c) prejudice in any way the rights of a party to obtain a determination by the Court whether any Non-Discloseable Material is, should, or should not continue to be subject to the terms of this Protective Order;

(d) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

(e) prevent the parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Non-Discloseable Material;

(f) prejudice in any way the right of any party to seek modification of this Protective Order or for additional or different protection where it is deemed necessary; or

(g) prejudice in any way the rights of any party to seek to introduce Non-Discloseable Materials in evidence at trial or any hearing, or affect the admissibility in evidence of any such material.

21. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials, or information designated as Non-Discloseable Material if legitimately obtained by such party outside the discovery proceedings in this litigation.

22. If a Receiving Party is later required by law, regulation, subpoena, or order to disclose or provide Non-Discloseable Material to any person or to any judicial, governmental, or administrative body, the party being required to disclose or provide the Non-Discloseable Material (the "Disclosing Party") shall give written notice of such proposed disclosure to the attorneys of record of the

Designating Party and the other parties to this action at least seven (7) days before such disclosure. If the law, regulation, or order requires disclosure in a way that renders seven (7) days' notice impracticable, the Disclosing Party shall give such notice by telephone as soon as practicable, but in any event before disclosure is made.

Dated: Feb. 23, 2001

FAEGRE & BENSON LLP

By ______________________
Richard A. Duncan (#192983)
Elizabeth H. Schmiesing (#229258)
Karleen M. O'Connor (#304864)
2200 Wells Fargo Center
90 South Sevent Street
Minneapolis, Minnesota 55402
Telephone: 612/336-3000

Attorneys for Plaintiff

Dated: 2-23-01

DORSEY & WHITNEY LLP

By ______________________
J Jackson (#49219)
Todd W. Schnell (#252256)
1300 Pillsbury Center South
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: 612/340-2600

Attorneys for Defendants

**ORDER**

This matter having come before the Court on a stipulation by the parties for a protective order, and the Court having been fully advised,

IT IS HEREBY ORDERED that the foregoing stipulated procedures shall govern all proceedings in this matter:

Dated: 2/26/2001

BY THE COURT:

______________________
John R. Tunheim
United States District Judge