UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Midwest Urologic Stone Unit Limited Partnership,

Plaintiff,

vs.

Alan H. Domina; Richard A. Crusinberry; Don L. Henslee; Peter E. Howe; Sushil S. Lacy; Andrew J. Lepinski,

Defendants.

Civil No. 01-212 JRT/FLN

**ORDER**

State of Minnesota )
) ss
County of Hennepin )

Plaintiff's Motion to Amend the Protective Order is granted. Plaintiff's Motion to Compel Discovery is granted in part and denied in part and

IT IS HEREBY ORDERED:

1) The Protective Order is amended as set forth in the Amended Protected Order attached hereto and shall govern the pretrial proceedings;

2) Defendants are ordered to respond to Plaintiff's Document Request No. 3 and Interrogatory No. 6;

3) Plaintiff's Motion to Compel production of documents responsive to Document Request No. 6 is denied;

FILED JUL 24 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

4) Defendants shall make available patient records, billing records, contracts with third party payors or providers and scheduling documents responsive to Plaintiff's Document Requests No. 10, 16, 17, 22. To the extent the responsive documents contain patient information, the production of such documents shall comply with the provisions of the Health Insurance Portability and Accountability Act of 1996 and the documents shall be protected consistent with the provisions of the Act. Responsive documents shall be made available in Lincoln, Nebraska at the office of Urology P.C. and/or Pine Lake Surgical Center to representatives of Faegre & Benson LLP and Midwest Urologic Stone Unit Limited Partnership at a time mutually agreed upon by Defendants and Plaintiff. Plaintiff shall reimburse Defendants for all expenses reasonably incurred with the production of responsive documents. The representatives of Faegre & Benson and Midwest Urologic Stone Unit Limited Partnership shall be permitted to review the responsive documents in an unredacted form. However, if Plaintiff requests copies of certain documents from this litigation, such documents shall be redacted to protect patient information and treated consistent with the requirements of the Health Insurance Portability and Accountability Act of 1996.

Dated: ______________________

BY THE COURT:

______________________
Magistrate Judge Franklin L. Noel

M1:770424.01

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Midwest Urologic Stone Unit Limited Partnership,

Plaintiff,

vs.

Alan H. Domina; Richard A. Crusinberry; Don L. Henslee; Peter E. Howe; Sushil S. Lacy; Andrew J. Lepinski,

Defendants.

Civil No. 01-212 JRT/FLN

**AMENDED PROTECTIVE ORDER**

This matter having come before the Court on Plaintiff's Motion for an Amendment to the Amended Protective Order dated February 15, 2001, and the Court having been fully advised,

IT IS HEREBY ORDERED that the following shall govern pretrial procedures:

1. Definitions.

a. The term "Designating Party" means the party producing or designating documents or deposition testimony as "Confidential" or "Highly Confidential" under this Amended Protective Order.

b. The term "Receiving Party" means the party receiving documents or deposition testimony designated as "Confidential" or "Highly Confidential" under this Amended Protective Order.

c. The term "Confidential" as used in this Amended Protective Order means documents (including, but not limited to answers to interrogatories and requests for admissions) and deposition testimony that the Designating Party designates as Confidential. A party may properly designate as Confidential any document or deposition testimony that constitutes or discloses information that is "a trade secret or other confidential research, development, or commercial information," Fed. R. Civ. P. 26(c)(7). All copies, abstracts, excerpts, analysis, or other writings that contain, reflect, or disclose the substance of documents or deposition testimony designated Confidential shall also be deemed Confidential.

The term "Highly Confidential" as used in this Amended Protective Order means documents (including, but not limited to answers to interrogatories and requests for admissions) and deposition testimony that the Designating Party designations as Highly Confidential. A party may properly designate as Highly Confidential any documents or deposition testimony containing or disclosing highly sensitive business information proprietary to it. All copies, abstracts, excerpts, analysis, or other writings that contain, reflect, or disclose the substance of documents or deposition testimony designated Confidential or Highly Confidential shall also be deemed Confidential or Highly Confidential, respectively.

2. Limited Use. Documents and deposition testimony designated Confidential or Highly Confidential pursuant to this Amended Protective Order shall be used only for purposes related to this action, and shall not be used for any business or commercial purpose. Disclosure of information extracted from documents or deposition testimony designated Confidential or Highly Confidential is authorized only in accordance with the

terms of this Order. Unauthorized disclosure of information extracted from documents or deposition testimony designated Confidential or Highly Confidential is prohibited.

3. Disclosure Scope/Confidential Material. Documents and deposition testimony designated Confidential may be disclosed only to:

a. The partners, associate attorneys, and staff for the firms of Faegre & Benson LLP; Dorsey & Whitney LLP; Law Offices of Larry V. Albers; or future designated attorneys who represent any of the parties in this action ("Attorneys");

b. The plaintiff and defendants, and those officers and employees of the parties to this action who need access to the information to assist the Attorneys in representation of the parties;

c. Independent experts, consultants, or persons or firms employed to provide litigation support services who are not competitors of the parties, or employees of competitors of the parties, retained on behalf of or by any party for purposes of this litigation, including their secretarial or clerical personnel (hereinafter the "Independent Experts"), provided that such independent experts or consultants first read this Amended Protective Order and agree to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A;

d. The Court, Magistrate Judge, Special Masters, or other persons appointed by the Court, and stenographic and other deposition reporters;

e. Deposition witnesses, provided that such deposition witnesses first read this Amended Protective Order and agree to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A; and

f. Commercial copying services employed by the parties to make copies of documents and deposition testimony for use in connection with this case.

4. Disclosure Scope/Highly Confidential Material. Disclosure of Highly Confidential material is permitted only to Attorneys and Independent Experts and court personnel. Disclosure to deposition witnesses will be determined on a case-by-case basis upon a showing of necessity by the party seeking disclosure. Any such disclosure to Independent Experts and/or deposition witnesses will be made only after they have signed an undertaking in the form attached hereto as Exhibit A.

5. Notice/Marking. To invoke protection under this Amended Protective Order, the Designating Party shall provide appropriate notice that documents and deposition testimony, or both, are designated Confidential or Highly Confidential.

a. Documents and deposition testimony designated Confidential shall be conspicuously marked as follows:

CONFIDENTIAL

b. Documents and deposition testimony designated Highly Confidential shall be conspicuously marked as follows:

HIGHLY CONFIDENTIAL

It shall be the duty of the Designating Party to provide such notice to the Receiving Party concerning the documents and testimony to be considered as Confidential or Highly Confidential. No document or deposition testimony shall be deemed protected under this Amended Protective Order unless it has been properly marked. It shall be the duty of the Receiving Party to comply with this Amended Protective Order from the time of such notice.

5. Patient Information. All patient medical information shall be treated as Confidential. Document production will be conducted in a manner so as to preserve the confidentiality of such information to the extent required by State and Federal laws, including if necessary redaction of personal identifying information. All parties reserve their rights to apply to the Court for an Order that any particular document or documents must be produced without redaction. All parties reserve their rights to present the issue of who should bear the cost of any redactions made in connection with any document production hereunder to the Court.

6. Disputes As To Confidential Status. The burden of establishing the confidential nature of any document always remains with the Designating Party. Moreover, the mere designation of a document as Confidential or Highly Confidential, without challenge during the discovery phase, does not created a presumption of confidentiality throughout the remainder of the litigation. Accordingly, to ease the discovery process, the parties agree to allow for the initial designation of a document as Confidential or Highly Confidential, subject to written challenge during the discovery phase. If a challenge occurs and the parties cannot agree to its status within 15 days, the Designating Party has the burden of petitioning the Court for protection within 10 days thereafter. The failure of the Receiving Party to challenge the confidential designation will not create a presumption of confidentiality. Finally, notwithstanding any designations during the discovery phase, the ultimate burden of proof to establish the confidential nature of a document at a hearing on the merits will rest with the Designating Party.

7. Amendment/Modification. This Amended Protective Order may be amended with respect to specific documents or deposition testimony without leave of Court

by the agreement of counsel for the parties. This Amended Protective Order shall remain in force and effect indefinitely until modified, superseded, or terminated by agreement of the parties hereto or by further Order of the Court.

8. Depositions. All testimony taken by way of depositions in this case, whether by subpoena or notice of taking depositions, will be subject to the terms of this Amended Protective Order. Testimony given at any deposition may be designated as Confidential or Highly Confidential by indicating on the record that the testimony is Confidential or Highly Confidential and subject to the provisions of this Amended Protective Order. Additionally, specific information in a deposition transcript may be identified by written description, specifying the page and line number that are to be designated as Confidential or Highly Confidential according to Paragraph 4. The cover and each page of a deposition transcript containing Confidential or Highly Confidential testimony shall be marked as required by Paragraph 4 above. Counsel for any party receiving a copy of a deposition transcript shall be responsible for marking the copy as required by this Order.

9. Inadvertent Disclosure. If a party produces any materials in discovery containing proprietary information without having previously marked them "Confidential" or "Highly Confidential" or inadvertently produces any documents to which a claim of privilege attaches, such disclosure shall not be deemed to be a waiver of the right to designate proprietary information as "Confidential" or "Highly Confidential" or a waiver of any privilege. The party may subsequently designate proprietary information as "Confidential" or "Highly Confidential" by written notice whereupon the opposing parties will from that date forward treat the materials as confidential under the terms of this Amended Protective Order. Upon receiving notice that documents as to which a claim of privilege attaches,

counsel for the Receiving Party shall promptly return the documents in question, without waiving the right subsequently to challenge the claim of privilege on grounds other than inadvertent production.

10. Exceptions for Consent and Court Order. Nothing contained herein shall prevent disclosure beyond the terms of this Order if the Designating Party consents in writing or on the record to such disclosure or if the Court, after notice to all affected parties, authorizes such disclosure.

11. Exceptions for Subpoena and Other Legal Process. Notwithstanding any provision in this Order, the parties hereto are permitted to disclose Confidential or Highly Confidential documents as may be required pursuant to subpoena or other legal process served upon the parties hereto, or as required by law, provided that a Receiving Party notifies the Designating Party of such subpoena or other legal process within a reasonable time to afford the Designating Party an opportunity to defend against disclosure pursuant to such subpoena or legal process.

12. Filing with Court. Written materials containing documents or deposition testimony, or other information designated Confidential or Highly Confidential or copies, abstracts, excerpts, analysis or other writings that contain, reflect, or disclose the substance of such documents or deposition testimony, when filed with or submitted to the Clerk of Court, Magistrate Judge, Special Master, or other person appointed by the Court, shall be filed in sealed envelopes, or by other appropriate means the Court may direct, on which shall be endorsed (1) the title of this action, (2) the phrase "CONFIDENTIAL-- SUBJECT TO AMENDED PROTECTIVE ORDER," and (3) a statement substantially in the following form or containing language of similar import:

This envelope contains confidential information which is to be kept under seal except by written agreement of the parties or order of the Court.

Such endorsement shall not prevent a second copy of any pleadings or papers specifically intended for review by the Court, Magistrate Judge, or Special Master from being hand delivered to ensure that the same is brought promptly to his/her attention, provided that each page that bears information contained or derived from Confidential or Highly Confidential documents and deposition testimony shall be marked as directed in Paragraph 4.

13. Trial Exhibits. If a Receiving Party intends to introduce into evidence at a trial any Confidential or Highly Confidential document or deposition transcript, the Receiving Party shall so inform the Court and Designating Party, and the Court will take the steps it may deem reasonably necessary to preserve the confidentiality of such information.

14. Final Determination. Upon final determination of this action (including all appeals), each party shall, within thirty (30) days of such determination, either return to the Designating Party or destroy (and promptly certify to the other party that this destruction has occurred) all documents and deposition transcripts marked Confidential or Highly Confidential in its possession, except such material as may be contained in the pretrial and trial records and attorneys' work product, including legal memoranda and opinion letters, which may be retained in conformity with this Amended Protective Order. Further, at the request of any party, and again upon final determination of this action (including all appeals), the Clerk of the Court shall return any item filed under seal to the filing party.

Dated: July 23, 2001

BY THE COURT:

Franklin L. Noel

Magistrate Judge Franklin L. Noel

M1:763765.01

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

______________________________

Midwest Urologic Stone Unit Limited Partnership,

Plaintiff,

vs.

Alan H. Domina; Richard A. Crusinberry; Don L. Henslee; Peter E. Howe; Sushil S. Lacy; Andrew J. Lepinski,

Defendants.

______________________________

Civil No. 01-212 JRT/FLN

**AGREEMENT TO AMENDED PROTECTIVE ORDER**

STATE OF ________________ )
) ss.
COUNTY OF ______________ )

The undersigned, being duly sworn and of lawful age, deposes and says the following:

1. Your affiant's full name and current address is: ______________ ________________________________________________________.

2. Prior to receiving any documents and information designated by ______________________________ as confidential and/or highly confidential in the above-captioned action, I was provided with a copy of the Amended Protective Order, which I have read and fully understand.

3. I agree to be bound by the terms of the Amended Protective Order, and to submit to the jurisdiction of the U.S. District Court for the District of Minnesota concerning the enforcement of the Order.

4. I understand and agree not to discuss, disclose or otherwise reveal the information subject to the Amended Protective Order to anyone, except individuals who also are permitted to view, inspect, examine, or discuss the materials, as stated in the Amended Protective Order.

FURTHER AFFIANT SAYETH NOT.

______________________________
Signature of Affiant

Subscribed and sworn to before me
this _____ day of __________, 2001.

______________________________
Notary Public

M1:763765.01

# FAEGRE & BENSON LLP

2200 WELLS FARGO CENTER, 90 SOUTH SEVENTH STREET
MINNEAPOLIS, MINNESOTA 55402-3901
FAX CENTER TELEPHONE 612-766-1650
FACSIMILE 612-766-1600

**FACSIMILE TRANSMISSION**

| | | | |
|---|---|---|---|
| FROM: | Karleen M. O'Connor | TELEPHONE: | 612-766-3343 |
| DATE: | July 17, 2001 | TIME: | _____ _.m. (Minneapolis) |
| | NUMBER OF PAGES (including this page): 13 | F&B FILE: | 233764 REC: 697 |
| TO: | Magistrate Franklin L. Noel<br>United States District Court | TELEPHONE:<br>FAX: (612) 664-5117 | |

**MESSAGE**

**IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL THE FAX CENTER AT 612-766-1650 OR LORI HALL AT 612-766-8105.**

THIS TELECOPY IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

FAEGRE & BENSON LLP

2200 WELLS FARGO CENTER, 90 SOUTH SEVENTH STREET
MINNEAPOLIS, MINNESOTA 55402-3901
TELEPHONE 612-336-3000
FACSIMILE 612-336-3026

KARLEEN M. O'CONNOR
koconnor@faegre.com
612.766.3343

July 17, 2001

**BY TELECOPY**
(612) 664-5117

Magistrate Franklin L. Noel
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re: Midwest Urologic Stone Unit Limited Partnership v. Alan H. Domina, et al.
Civil No. 01-212 JRT/FLN

Dear Magistrate Noel:

Attached please find the Order and Amended Protective Order drafted by the parties pursuant to your ruling in the hearing held on July 3, 2001.

Very truly yours,

Karleen M. O'Connor

KMO:hallj
Enclosures
M1:773717.01

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500